UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELARSE MONTGOMERY, JR., )
)
)
Plaintiff, )
) Civil Action No. 1: 05CV02157 (RMU)
v. )
)
ELAINE CHAO, Secretary of Labor, )
)
And )
)
BRADLEY B. BELT, Executive )
  Director, PBGC )
)
)
Defendants. )
_____)

**ANSWER TO COMPLAINT**

Defendants Elaine Chao, Secretary of Labor and Bradley B. Belt, Executive Director of the Pension Benefit Guaranty Corporation ("PBGC")("Defendants"), through counsel, hereby answer each of the specific averments in Plaintiff's Complaint in like-captioned and like-numbered paragraphs, as follows:

**Introduction**

1.      The allegations contained in Paragraph 1 constitute Plaintiff's characterization of his case, and conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## Jurisdiction

2. The allegations contained in Paragraph 2 constitute Plaintiff's statements as to whether this Court has jurisdiction, which is a conclusion of law, to which no response is required.

## Venue

3. The allegations contained in Paragraph 3 constitute Plaintiff's statement as to whether venue is proper in this district, which is a conclusion of law to which no response is required. To the extent a response is deemed required the allegations are denied, except that Defendants admit that PBGC's personnel records are maintained in the District of Columbia and that Plaintiff is employed by PBGC in the District of Columbia.

## Parties

4. Defendants are without sufficient information to determine the truth of the allegations concerning Plaintiff's race, but aver that Plaintiff identified himself as African American on his Formal EEO Complaints (PBGC Nos. 03-10, 05-04, and 05-07). Defendants admit the remaining allegations in the first sentence of Paragraph 4. Defendants admit the allegations contained in the second sentence. The allegations contained in the third sentence are admitted, except Defendants aver that Plaintiff's job title is Financial Specialist.

5. The allegations contained in Paragraph 5 are denied, except Defendants admit that Elaine L. Chao and Bradley B. Belt are, respectively, the Chairman and Executive Director of the Pension Benefit Guaranty Corporation (PBGC); that PBGC is an agency within the Executive Branch of the United States Government employing more than 500 employees in at least 20 or

more calendar weeks during the past year; and that Defendant Bradley Belt, in his official capacity, is head of the PBGC.

## Statement of Facts

6.      Defendants admit that Plaintiff is a 58 year old male, but are without sufficient information to determine the truth of the remaining allegations in the first sentence of Paragraph 6. Defendants admit that Plaintiff is currently a GS-501-12 employee in the Investment Accounting Branch, Controller Operations Division, of PBGC's Financial Operations Department ("FOD"), but otherwise deny the allegations in the second sentence and aver that his title is Financial Specialist.

7.      Defendants admit the allegations in the first sentence of Paragraph 7.  With respect to the allegations in the second sentence, Defendants admit that Plaintiff was promoted to GS-12, step six, effective August 1998, under the terms of a settlement agreement reached in *Montgomery v. Alexis Herman*, C.A. No. 96-1333 (RMU), but otherwise deny. With respect to the allegations in the third sentence,  Defendants admit that as part of the settlement agreement Plaintiff agreed to complete a total of twenty-four credit hours of academic courses in the field of accounting and PBGC agreed to pay for those courses, but aver that it has not been provided with a college transcript of courses successfully completed by Plaintiff.  Therefore, Defendants are without  information sufficient to determine the truth of the remaining allegations in the third sentence of Paragraph 7.

8.      Defendants admit that Christine Thomas, a white female Supervisory Accountant, GS-510-13, served as the Contracting Officer's Technical Representative ("COTR") for the Bert Smith Professional Services contract before leaving federal service in August 2001.  Except as

expressly admitted, Defendants deny the allegations in the first sentence of Paragraph 8. In response to the second sentence, Defendants admit that Cynthia Adams, black female, GS-510-14, Supervisory Accountant, performed COTR duties on the Bert Smith Professional Services contract for some time after Ms. Thomas left, but are without sufficient information to determine the truth of the remaining allegations in that sentence. Defendants admit that Ms. Adams informed Plaintiff that he would be taking on COTR duties for the Bert Smith Professional Services Contract, but are without sufficient information to determine the truth of the remaining allegations in the third sentence of Paragraph 8. With respect to the allegations in the fourth sentence, Defendants admit that Plaintiff attended a course entitled "COTR - Contract Monitoring" in March 2002, was designated to act as the COTR for the Bert Smith contract by Memorandum from Robert Herting, Contracting Officer, dated July 1, 2002, and was paid at the GS-12 grade level. Except as expressly admitted, Defendants deny the allegations contained in the fourth sentence. Defendants deny the allegations contained in the fifth sentence.

9. Defendants admit that Plaintiff made a request to Ms. Adams that his position description be updated to reflect his COTR duties, but are without sufficient information to determine the truth of the remaining allegations in the first and second sentences of Paragraph 9. With respect to the allegations in the third sentence, Defendants admit that Ms. Adams informed Plaintiff that PBGC's Human Resources Department had advised her that a Position Description need not be changed to reflect COTR duties, and that COTR duties should be mentioned in the performance evaluation. Except as expressly admitted, Defendants deny the allegations in the third sentence of Paragraph 9. Defendants admit that Plaintiff was paid at the GS-12 grade level, but otherwise deny the allegations contained in the fourth sentence.

10. With respect to the allegations in the first and second sentences of Paragraph 10, Defendants admit that Plaintiff made a second request to Ms. Adams that his Position Description be changed to reflect his COTR duties and that Plaintiff told Ms. Adams that he thought the COTR duties merited a higher grade, but otherwise deny. Defendants are without sufficient information to determine the truth of the allegations in the third sentence, but aver that at Plaintiff's request PBGC provided Plaintiff with a copy of his Position Description. Defendants admit that Plaintiff was paid at the GS-12 grade level, but otherwise deny the allegations contained in the fourth sentence.

11. Defendants admit that Plaintiff presented Ms. Adams with a Memorandum dated April 28, 2003, requesting an accretion of duties promotion to GS-501-13, but are without sufficient information to determine the truth of the remaining allegations in the first sentence of Paragraph 11. Defendants admit that Plaintiff subsequently inquired about the status of his promotion request, that Ms. Adams told him she had discussed the request with Division Manager, Wayne McKinnon, and that she would discuss it during a meeting she had scheduled with Department Director, Theodore Winters. Except as expressly admitted, Defendants deny the allegations contained in the second and third sentences. Defendants admit that Plaintiff was paid at the GS-12 grade level, but otherwise deny the allegations contained in the last sentence.

12. Defendants admit that Plaintiff contacted an EEO counselor in June 2003 but otherwise deny the allegations in the first and second sentences of Paragraph 12. Defendants deny the allegations in the third and fourth sentences, except to admit that by Memorandum dated September 9, 2003, which is the best evidence of its contents, Cynthia Adams advised Plaintiff

that she was willing to rewrite his Position Description to add his COTR duties. In response to the allegations in the fifth sentence, Defendants admit that on October 1, 2003, Plaintiff filed a formal complaint of discrimination which is the best evidence of its contents, but otherwise deny. Defendants admit that Plaintiff was paid at the GS-12 grade level at the time he filed this civil action, but otherwise deny the allegations contained in the last sentence of Paragraph 12.

13.  Defendants deny the allegations contained in the first sentence of Paragraph 13 except to admit that PBGC, through its Human Resources Department, conducted a desk audit of Plaintiff's position, Financial Specialist, GS-501-12, and provided Plaintiff with a written evaluation report dated February 19, 2004, which is the best evidence of the audit findings. In response to the allegations contained in the second sentence, Defendants admit that in 1998 it entered into a written settlement agreement with Plaintiff which is the best evidence of its contents, and that information in Plaintiff's Official Personnel File reflects that his position was upgraded to GS-12 "due to a settlement agreement." Except as expressly admitted, Defendants deny the allegations contained in the second sentence. Defendants deny the allegations contained in the third and fourth sentences, except to admit that the EEO investigation commenced when pre-investigation settlement attempts were discontinued at Plaintiff's request.

14.  Defendants admit that Plaintiff applied for a GS-13 Accountant position in the Investment Accounting Branch (IAB) while his formal EEO Complaint, No. 03-10, was pending in the administrative process, and that he was rated ineligible for the position because he did not meet the minimum qualifications as required by OPM's Qualifications Standards Handbook. Except as expressly admitted, Defendants deny the allegations contained in the first and second sentences of Paragraph 14. In response to the allegations contained in the third sentence,

Defendants admit that the vacancy announcement for the GS-13 Accountant position was cancelled and a GS-12/13 position was subsequently advertised under a new vacancy announcement, but otherwise deny. In response to the allegations contained in the fourth sentence, Defendants aver that there were two vacancy announcements for the GS-12/13 Accountant position, one for status candidates and one for non-status candidates. In addition, Defendants admit that Plaintiff was rated ineligible for the position because he did not meet the minimum qualifications, but aver that he applied only for the status announcement under which no selection was made. Defendants further admit that a female (DOB 9/5//65) from outside the government was selected at the GS-12 grade level under the non-status announcement, but aver that Plaintiff did not apply under that announcement   In response to the allegations contained in the fifth sentence, Defendants admit that Plaintiff filed a formal EEO complaint on or about January 3, 2005, which is the best evidence of its contents. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff applied as a non-status candidate for a GS-13 Collections Analyst position, but deny the remaining allegations in the first and second sentences of Paragraph 15, and aver that they did not receive a status application for Plaintiff for the Collections Analyst position described in this Paragraph. In response to the allegations contained in the third sentence, Defendants admit that a white female, DOB 5/26/68, was selected from the status announcement, but otherwise deny. In response to the allegations contained in the last sentence, Defendants admit that Plaintiff filed a formal EEO complaint on or about March 1, 2005, which is the best evidence of its contents, but otherwise deny.

**Statement of Claims**

**Claim I - - Race, Color and Sex Discrimination**

16. The allegations contained in Paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations contained in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**Claim II - - Age Discrimination**

18. The allegations contained in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations contained in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**Claim III - - Retaliation**:

20. The allegations contained in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

21. The allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**Claim IV - - Equal Pay Act Violation**

22. The allegations contained in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations contained in Paragraph 23 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### Prayer for Relief

The remaining allegations in the Complaint, including Paragraphs (a) through (I) following Paragraph 23, constitute Plaintiff's prayer for relief and as such require no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants. Defendants aver that any compensatory damages award would be subject to and limited by 42 U.S.C. §1981a. Defendants specifically deny all allegations of the Complaint not expressly admitted in this Answer.

### Jury Demand

The final paragraph in Plaintiff's Complaint is a request for a jury trial, which requires no response.

### First Defense

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**Second Defense**

To the extent Plaintiff seeks to raise in this action any allegations or claims not raised, or untimely raised in the administrative process, such allegations and claims are precluded for failure to exhaust administrative remedies.

**Third Defense**

Defendants deny that they engaged in any discriminatory conduct whatsoever.

**Fourth Defense**

Plaintiff has failed to mitigate his damages.

WHEREFORE, having fully answered, Defendants respectfully request that this Court deny Plaintiff all relief requested, dismiss this action with prejudice, grant Defendants their attorney's fees and costs, and award Defendants all such other and further relief as may be appropriate.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4112
Washington, D.C.  20530
(202) 307-0338

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006, I caused to be served a copy of the foregoing ANSWER, by first-class mail, postage pre-paid, and addressed as follows:

> David Shapiro, Esq.
> Swick & Shapiro
> 1225 Eye Street, NW
> Suite 1290
> Washington, DC 20005

_____
Karen L. Melnik
Assistant United States Attorney