Exh. 28
MSJ

**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

APR   2 2004

**DELIVERED BY HAND**

Delarse Montgomery, Jr.
Room 6731
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, D.C.  20005

Re:  Acceptance of Equal Employment Opportunity Formal Complaint No. 03-10

Dear Mr. Montgomery:

On October 1, 2003, you filed a formal discrimination complaint that has been docketed as PBGC Case No. 03-10.  PBGC acknowledged receipt of your complaint by letter dated October 3, 2003.  Your first contact with an equal employment opportunity counselor took place on June 13, 2003.  You have alleged that you have been discriminated against based on race, color, national origin, sex and age.

Initially, you requested alternative dispute resolution mediation as a means to attempt to resolve your complaint.  Recently, however, you decided to discontinue pursuing this route, and requested that your formal complaint be processed.

After careful consideration, I have decided to accept the following claim for investigation:

Whether PBGC unlawfully discriminated against Delarse Montgomery, Jr., based on race, color, national origin, sex and age, by not promoting or compensating Mr. Montgomery based upon Mr. Montgomery's performance of higher graded duties.[1]

If you disagree with this characterization of your claims, please set out your concerns in writing to me within 15 days of receipt of this letter.

---

[1]The statement of your claim in this letter is in all respects a summary of your allegations and shall not be interpreted to establish the truth, causality or interrelationship of any of the matters contained in the statement.

Since your formal complaint claims discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., you have the option of filing a civil action in U.S. district court after giving the Equal Employment Opportunity Commission ("EEOC") at least 30 days notice of the intent to file the action. The notice must be filed in writing with the EEOC, at P.O. Box 19848, Washington, D.C. 20036, or by personal delivery or facsimile within 180 days of the occurrence of the alleged unlawful practice.

Since your formal complaint claims discrimination under the Equal Pay Act, 29 U.S.C. § 206(d), you have the option of filing a civil action in U.S. district court regardless of whether you have pursued any administrative complaint processing. See 29 C.F.R. § 1614.408 (attached hereto).

If you file a civil action, you must name the appropriate agency head as a defendant. Failure to name the head of the agency may result in the loss of any judicial redress to which you may be entitled. Vincent Snowbarger is the PBGC's Executive Director. Therefore, you must name Steven A. Kandarian as the defendant in any civil action that you may file.

Please contact Noisette Smith, Jr., PBGC's Acting Equal Employment Opportunity Manager, at 202 326 4000 x3043 if you have any questions about your Complaint.

Sincerely,

Joseph H. Grant
Equal Employment Opportunity Director

Attachment: 29 C.F.R. § 1614, Subpart D

cc:    Noisette Smith, Jr.

2

## 29 CFR Ch. XIV (7-1-02 Edition)

ry time limit, parties are file their submissions by very service should they

e of filing shall be determined date of mailing is an order date (or the overy service. If the filing is elivery, it shall be considered that date it is received in the Clerk, MSPB;

nd responsive pleadings. If sion to submit written argument shall be filed with the within 15 days of the oard's certification order. hort statutory time limit adings will not ordinarily

gument. The parties have oral argument if desired. ing to exercise this right date at the time of filing if no brief is filed, within e date of the Board's certer. Upon receipt of a requirement, the Chairman of Panel shall determine the ce for argument and the lowed each side, and shall parties.

ument submissions. Due to tutory time limit, no post-missions will be per- by order of the Chairman Panel.

al matters. Any procedural addressed in this subpart lved by written order of of the Special Panel.

forcement of Special sion.

shall, upon receipt of the e Special Panel, order the urned to take any action carry out the decision of e Board's regulations or ement of a final order of all apply. These regulations out at 5 CFR part 1201.

ght to file a civil action.

ial who has a complaint suant to 5 CFR part 1201, this subpart is authorized to file a civil action in

an appropriate United States District Court.

(a) Within 30 days of receipt of a final decision issued by an agency on a complaint unless an appeal is filed with the MSPB; or

(b) Within 30 days of receipt of notice of the final decision or action taken by the MSPB if the individual does not file a petition for consideration with the Clerk, MSPB;

(c) Within 30 days of receipt of notice that the Commission has determined not to consider the decision of the MSPB; or

(d) Within 30 days of receipt of notice that the Commission concurs with the decision of the MSPB; or

(e) If the Commission issues a decision different from the decision of the MSPB. Within 30 days of receipt of notice that the MSPB concurs in and adopts in whole the decision of the Commission; or

(f) If the MSPB does not concur with the decision of the Commission and reaffirms its initial decision or reaffirms its initial decision with a revision, within 30 days of the receipt of notice of the decision of the Special Panel; or

(g) After 120 days from the date of filing a formal complaint if there is no final action or appeal to the MSPB; or

(h) After 120 days from the date of filing an appeal with the MSPB if the MSPB has not yet made a decision; or

(i) After 180 days from the date of filing a petition for consideration with Commission if there is no decision by the Commission, reconsideration decision by the MSPB or decision by the Special Panel.

## Subpart D—Appeals and Civil Actions

### §1614.401 Appeals to the Commission.

(a) A complainant or an agency's final action or dismissal of a complaint.

(b) An agency may appeal as provided in §1614.110(a).

(c) A class agent or an agency may appeal an administrative judge's decision accepting or dismissing all or part of a class complaint; a class agent may appeal a final decision on a class complaint; a class member may appeal a final decision on a claim for individual

relief under a class complaint; and a class member, if a class agent or an agency may appeal a final decision on a petition pursuant to §1614.204(c)(6).

(d) A grievant may appeal the final decision of the agency, the arbitrator or the Federal Labor Relations Authority (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised. A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB or 5 U.S.C. 7121(d) is inapplicable to the involved agency.

(e) A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with §1614.504.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999]

### §1614.402 Time for appeals to the Commission.

(a) Appeals described in §1614.401(a) and (c) must be filed within 30 days of receipt of the dismissal, final action or decision. Appeals described in §1614.401(b) must be filed within 40 days of receipt of the hearing file and decision. Where a complainant has notified the EEO Director of alleged noncompliance with a settlement agreement in accordance with §1614.504, the complainant may file an appeal 35 days after service of the allegations of noncompliance, but no later than 30 days after receipt of an agency's determination.

(b) If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999]

### §1614.403 How to appeal.

(a) The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile. The appellant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.

(b) The appellant shall furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c) If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d) Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

(e) The agency must submit the complaint file to the Office of Federal Operations within 30 days of initial notification that the complainant has filed an appeal or within 30 days of submission of an appeal by the agency.

(f) Any statement or brief in opposition to an appeal must be submitted to the Commission and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement or brief supporting the appeal is filed, within 60 days of receipt of the appeal. The Office of Federal Operations will accept statements or briefs in opposition to an appeal by facsimile provided they are no more than 10 pages long.

[64 FR 37659, July 12, 1999]

## § 1614.404  Appellate procedure.

(a) On behalf of the Commission, the Office of Federal Operations shall review the complaint file and all written statements and briefs from either party. The Commission may supplement the record by an exchange of letters or memoranda, investigation, remand to the agency or other procedures.

(b) If the Office of Federal Operations requests information from one or both of the parties to supplement the record, each party providing information shall send a copy of the information to the other party.

(c) When either party to an appeal fails without good cause shown to comply with the requirements of this section or to respond fully and in timely fashion to requests for information, the Office of Federal Operations shall, in appropriate circumstances:

(1) Draw an adverse inference that the requested information would have reflected unfavorably on the party refusing to provide the requested information;

(2) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(3) Issue a decision fully or partially in favor of the opposing party; or

(4) Take such other actions as appropriate.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999]

## § 1614.405  Decisions on appeals.

(a) The Office of the Commission, on behalf of the Commission, shall issue a written decision setting forth its reasons for the decision. The Commission shall dismiss appeals in accordance with §§ 1614.107, 1614.403(c) and 1614.410. The decision shall be based on the preponderance of the evidence. The decision on an appeal from an agency's final action shall be based on a de novo review, except that the review of the factual findings in a decision by an administrative judge issued pursuant to § 1614.109(i) shall be based on a substantial evidence standard of review. If the decision contains a finding of discrimination, appropriate remedy(ies) shall be included and, where appropriate, the

entitlement to interest, attorney's fees or costs shall be indicated. The decision shall reflect the date of its issuance, inform the complainant of his or her or her civil action rights, and be transmitted to the complainant and the agency by first class mail.

(b) A decision issued under paragraph (a) of this section is final within the meaning of § 1614.407 unless the Commission reconsiders the case. A party may request reconsideration within 30 days of receipt of a decision of the Commission, which the Commission in its discretion may grant, if the party demonstrates that:

(1) The appellate decision involved a clearly erroneous interpretation of material fact or law; or

(2) The decision will have a substantial impact on the policies, practices or operations of the agency.

[57 FR 12646, Apr. 10, 1992, as amended at 64 FR 37659, July 12, 1999]

## § 1614.407  Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the Commission's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

[57 FR 12646, Apr. 10, 1992. Redesignated and amended at 64 FR 37659, July 12, 1999]

## Equal Employment Opportunity Comm.

## § 1614.408  Civil action: Equal Pay Act.

A complainant is authorized under section 16(b) of the Fair Labor Standards Act (29 U.S.C. 216(b)) to file a civil action in a court of competent jurisdiction within two years, or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing. Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful; liquidated damages in an equal amount may also be awarded. The filing of a complaint or appeal under this part shall not toll the time for filing a civil action.

[57 FR 12646, Apr. 10, 1992. Redesignated at 64 FR 37659, July 12, 1999]

## § 1614.409  Effect of filing a civil action.

Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

[57 FR 12646, Apr. 10, 1992. Redesignated at 64 FR 37659, July 12, 1999]

## Subpart E—Remedies and Enforcement

## § 1614.501  Remedies and relief.

(a) When an agency, or the Commission, in an individual case of discrimination, finds that an applicant or an employee has been discriminated against, the agency shall provide full relief which shall include the following elements in appropriate circumstances:

(1) Notification to all employees of the agency in the affected facility of their right to be free of unlawful discrimination and assurance that the particular types of discrimination found will not recur;

(2) Commitment that corrective, curative or preventive action will be taken, or measures adopted, to ensure that violation of the law similar to those found will not recur;

(3) An unconditional offer to each identified victim of discrimination of placement in the position the person would have occupied but for the dis-

crimination suffered ... a substantially equivalent ...

(4) Payment to e... of discrimination ... basis for any los... son may have su... discrimination ar...

(5) Commission shall cease from ... cific unlawful ... found in the case.

(b) Relief for an ... an agency, or the ... that an applicant ... been discriminated ... shall offer the ... that the appli... absent discriminat... the circumstances ... equivalent positio... applicant would ... even absent the ... offer shall be made ... dividual shall have ... of the offer within ... decline the offer. ... offer within the ... considered a decli... unless the individu... prevented a respon... limit.

(ii) If the offer ... ment shall be set ... the applicant wou... Back pay, comput... awarded from ... would have re... date the individu... duty unless clear ... would not have be... back discriminati... pay shall be inclu... nity has been wa... shall be deemed ... service for the pu... riod for all purpo... service requiremen... a required probab... (iii) If the agency ... clined, the agency ... vidual a sum equ... of the would hav... computation prov... in the number of ... $66,806, from the d...