Exh. 33
MSJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELARSE MONTGOMERY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELAINE CHAO, )<br>    Secretary of Labor, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-2157 RMU |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

Plaintiff hereby responds[1] to defendants' interrogatories as follows:

**Interrogatory No 1:** Identify by name and address each and every educational institution where you took the "24 college credit hours in accounting" as alleged in paragraph 7 of your Complaint, and for each course you took, identify the title of the course, the beginning and ending date of the course, the credit hours you earned for each course, and the grade you received for the course.

**Answer:** The requested information is readily available in the files of the plaintiff's now former employer, the Pension Benefit Guaranty Corporation (hereinafter "PBGC") in its Training Institute as was verified and referenced by Michele Pilipovich, Director, Human Resources Department (HRD) in her August 6, 2004 memorandum. See Attachment 1.

Notwithstanding PBGC's record of plaintiff's academic record regarding "the '24 college credit hours in accounting,'" in answer to this interrogatory states as follows:

---

[1] The answers to these interrogatories are based exclusively on plaintiff's personal knowledge and belief. However, his counsel has provided much of the language used the final version of the answers contained herein. Thus, while plaintiff has signed as the answering party and personally stands by the substance of the answers, the word choice and use are that of his attorney.

Wayne McKinnon; Manager, Controller Operations Division, PBGC (Tel. 202-326-4057) -- as plaintiff's second level supervisor he knows of plaintiff's accretion of duties and Ms. Adams efforts to get him promoted prior to Mr. Winters' intervention;

Rebecca Pavone; Collection Analyst (GS-501-13), Collection and Compliance Division at PBGC (Tel. 2092-326-4000) -- selectee as status candidate for JI04-0138.

**Interrogatory No 15:** Provide an itemized account of each and every pecuniary loss and expense you claim to have suffered as a result of the alleged discrimination described in your Complaint, including but not limited to lost wages, benefits, attorney's fees, and including in your answer the dates on which each loss or expense was incurred.

**Answer:** As a result of defendants' discriminatory practices, plaintiff's promotion and earnings have been limited as he has incurred substantial monetary loss of salary during his employment with PBGC or late, as well as the loss of long-term retirement income. Using Salary Tables for the General Schedule Increase and Locality Payment for the Washington-Baltimore-Northern Virginia area for years 2002 through 2006, it is estimated that plaintiff sustained a $14,000 in loss salary alone -- and this is just considering his not getting a GS-13 level promotion, and does not include potential losses from his not getting further promoted. Nor does it take into consideration continued salary for staying on at PBGC (if serving at a higher GS-level) rather than taking early retirement in October 2006). In addition, there would be pre-judgment interest on any back pay award. Also, plaintiff suffered an unknown loss in performance awards that were not given in order to help justify his not being competitive for promotion to the GS-13 level. Further, this lower salary has continuing adverse consequences to plaintiff retirement annuity -- which would have been larger if he had been promoted, and would have grown still large with time (*i.e.*, what with the application of the COLA each year).

-13-

Plaintiff will not respond with regard to his attorneys' fees and other litigation costs at this time as it is privileged.

**Interrogatory No 16:** Since the date of the alleged discriminatory treatment, if you have undergone or received any treatment for any mental, psychological, or emotional disturbance, or physical manifestation thereof as a result of any of the conduct at issue in this action, please identify the nature and extent of such treatment, the names and addresses of each doctor, psychiatrist, psychologist, practitioner, hospital, or counselor treating you; each diagnosis and date of diagnosis made by any such practitioner; prognosis; and dates and costs of treatment.

**Answer:** Because of aggravated stress stemming from prolonged racial discriminatory practices in promotions against plaintiff and retaliation for his prior EEO activity, plaintiff has required continuous medical treatment for hypertension. As part of the plaintiff's routine follow-up for checkup on his blood pressure with his primary doctor, Dr. Richard A. Farson, MD, Waldorf Medical Center, Waldorf, MD., Dr. Farson referred the plaintiff to a cardiologist for further evaluation. On April 11, 2005, the plaintiff underwent exercise/stress test at the Heart Center of Southern Maryland, L. L. P., under the care of Dr. G. Nachnani. Following examination, plaintiff's medication for treatment of high blood pressure was changed. Plaintiff is now on four types of medication for daily treatment of his blood pressure. Over the course of five years, the plaintiff has incurred prescription expenses of approximately $1,500. Indirect cost under the plaintiff's insurance has exceeded $1,500 for service rendered by a medical specialists.

**Interrogatory No 17:** If you seek compensatory damages for mental, psychological, or emotional distress, or injury, please describe in detail any emotional distress you have suffered and specify: (a) each and every way that emotional, mental, or psychological distress has manifested itself; (b) dates of such manifestations and any witnesses to such manifestations; (c) any and all physical symptoms suffered and dates suffered.

present custodian of each such document, and if any such document has been destroyed or otherwise disposed of, the date and circumstance of such disposition.

**Answer:** The relevant documents referred to herein have been made attachments and identified in applicable interrogatory. Other related documents are in the ROIs issued by PBGC's EEO Office. Relevant medical documents are in the Dr. Farson at Waldorf Medical Center in Waldorf, Maryland.

I swear under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information, belief, and recollection.

Nov. 6, 2006
Date

Delarse Montgomery, Jr